WILLIAM GAY NEESON'S G'D'N, ET AL. V. ELIZA YOUNG, ET AL.

**Construction of Will.**

> A legatee is a person to whom a legacy is bequeathed, and this is
> true whether the person be named or merely described in the will;
> and when a bequest is made to the "heirs of my deceased brother,"
> the word "heirs" is not used to designate a class or collective body,
> but as a designation of each of said legatees.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

December 5, 1879.

OPINION BY JUDGE COFER:

Counsel are agreed that, the nominated executor having declined
to qualify, the chancellor could not exercise any discretionary power
the executor might have had under the 15th clause of the will, and
must divide the residuary estate between those who are "legatees
resident in this country" within the meaning of that clause.

The learned counsel for the appellants in an elaborate brief pre-
pared with great care and presenting his views with a clearness and
perspicacity that have greatly assisted the court in the examination of
the case, maintains that as the appellees are not named in the will
except by the designation of "heirs of my deceased brother Robert"
they are to be treated as collectively constituting one legatee, within
the meaning of the 15th clause. The point of his argument will be best
stated in his own language. He says, "Appellants insist that the tes-
tator use the collective noun 'heirs', to designate a class or collective
body; and that the bequest of $30,000 (in the 7th clause) was but
one legacy, made to the single class or collective body, designated
by the collective noun 'heirs'; that the bequest of the one legacy hav-
ing been made to the class or collective body, the individuals who
compose that class or collective body were only entitled to the legacy
through that medium, and not as individual legatees under the will.
In other words, the testator made the class a legatee, and not the
individual members of the class individual legatees."

In this we think the counsel is in error.

A legatee is a person to whom a legacy is bequeathed, and this is
true whether the person be named or merely described in the will.
and it can make no difference whether each be described singly or
several be described by designating a class to which they all belong.
At the time of the testator's death there were four persons answering

the description of "heirs of my deceased brother Robert," and each took an aliquot part of the sum devised, which is directed to be divided among them equally. Therefore each one of these heirs is a devisee. This is well illustrated by the fact, that will not be disputed, that payment could only be made to each one separately, and the whole $30,000 could not have been legally paid to one. In other words, though the devisees were described by designating a class to which they belonged, each one of the class was a devisee.

Counsel makes some reference to evidence in the record showing that the testator was not personally acquainted with the heirs of his brother Robert, and most probably did not know how many there were or their degree of relationship to him, This is no doubt true, as may well be inferred from the will itself, but we do not perceive that the facts can have any legitimate bearing upon the question.

The testator, in the 7th clause, made the heirs of his brother legatees, and in the 15th clause he directed his residuary estate to be distributed "to the legatees resident in this country." Who are legatees is to be ascertained from the will. About that there is no ambiguity. But all the legatees are not to share in the distribution of the residuary estate. Only such as are residents in this country. There is a latent ambiguity, and parol evidence was admissible to show which of them resided in this country and which resided abroad, but was not competent to show who was and who was not a legatee within the meaning of the 15th clause. That is wholly a matter of construction.

The judgment of the court conforms to the conclusion reached by this court and is *affirmed*.

*Humphrey & Marshall, for appellants.*

*Bullock & Anderson, for appellees.*